ANDERSON, Associate Justice.
The respondent filed a complaint in the Circuit Court of Pinellas County for the construction of two Wills of Emma M. Hobbs, deceased, and of a promissory note for $4,500 given by him and his deceased wife, to Emma M. Hobbs, in her lifetime and for a declaratory decree thereon asking the Court to construe the provisions of the two wills and the promissory note “in the light of the services rendered” by him to Mrs. Hobbs “taking into consideration the conditions under which said note was executed and delivered and the conditions under which the said Last (the later in point of time) "Will and Testament of March 16, 1955 was executed by the testatrix, and to enter an appropriate decree fixing and determining the rights and liabilities of the plaintiff under said documents [sic] insofar as the defendants might have any right or claim against the plaintiff.”
The Chancellor denied motions to dismiss the complaint upon the ground' that it “states a cause of action warranting the court in entering a declaratory judgment in favor of the plaintiff because paragraph nine of plaintiff’s Exhibit No. 3 (the Will of March 16, 1955) is susceptible of the construction claimed by plaintiff, to-wit: that the items mentioned therein represent compensation moving to the plaintiff from the testatrix, and therefore no consideration existed for the execution of the promissory note shown as plaintiff’s Exhibit No. 2 to the complaint.”
The defendants applied for a writ of certiorari.
The writ must be granted and the order denying the motions to dismiss quashed.
No reason is apparent why there exists any doubt as to the first will of Emma Hobbs. It left all of her property to Wilbur W. Pugh and his wife, or the survivor. Her Last Will (of March 16, 1955 — Exhibit No. 3) made a different disposition of her property and assigned clear and unequivocal reaons why the Pughs were left out. It needs no construction. It was admitted to probate without objection. The promissory note (Exhibit No. 2) is in conventional form. In the event a suit were brought on it any defenses would be open to the respondent that would be available to him under his complaint for declaratory decree. We expressly refrain from indicating what such defenses would be. We therefore hold that the Chancellor erred in denying the motions to dismiss.
In Columbia Casualty Co. v. Zimmerman, Fla.1953, 62 So.2d 338, 340 the Court said: “The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the *286 automobile was being driven with ,the knowledge and consent of the insured.”
To like effect see Ready v. Safeway Rock Co., 157 Fla. 27, 24 So.2d 808; Bowden v. Seaboard Air Line R. Co., Fla. 1950, 47 So. 2d 786; Halpert v. Oleksy, Fla.1953, 65 So. 2d 762; Mountain v. National Airlines, Fla.1954, 75 So.2d 574 and Bullema v. Losey, Fla.1956, 84 So.2d 715.
There is nothing in Bloomfield v. City of St. Petersburg Beach, Fla.1955, 82 So.2d 364, or Modernage Furniture Corp. v. Miami Rug Co., Fla.1955, 84 So.2d 916, that is inconsistent with these views.
Accordingly the writ of certiorari is granted, and the order denying the motions to dismiss the complaint is quashed with directions to dismiss the complaint.
DREW, C. J., and THOMAS and O’CONNELL, JJ., concur.