**Robert H. FENDLER,
Plaintiff-Appellant,**

v.

**WESTGATE–CALIFORNIA
CORPORATION et al.,
Defendants-Appellees.**

No. 73–2816.

United States Court of Appeals,
Ninth Circuit.

Dec. 31, 1975.

Gerald E. Kriehn (argued), Beverly Hills, Cal., for plaintiff-appellant.

Richard H. Cooper (argued), Freshman, Marantz, Comsky & Deutsch, Beverly Hills, Cal., Irwin F. Woodland, Los Angeles (argued), Donnelley, Hulden, Lo-vett & Stanley, San Diego, Cal., for defendants-appellees.

## OPINION

Before CHAMBERS and KOELSCH, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Fendler appeals from an order of the district court dismissing his third amended complaint with prejudice and denying his motion for certification of the suit as a class action. We affirm.

Fendler is an attorney who on May 20, 1968, purchased 20 shares of Class A common stock of Westgate-California Corporation. In March, 1972, Fendler, through his law partner, filed his original complaint against forty-six named defendants (more were added in later complaints). The complaint seemed to be in the nature of a derivative action and seemed to allege injury to the Westgate-California Corporation as a result of transactions with some of the other defendants. Defendants filed motions for more definite statement and for the posting of a cost bond with respect to the corporate derivative claims. These motions were granted.

Fendler then filed his first amended complaint which was quickly followed by a second amended complaint. The defendants filed motions to dismiss, strike and for more definite statement. The court, after lengthy argument, entered a detailed order dismissing the action as to some defendants and striking various allegations. The order contained leave to file a third amended complaint, provided the complaint was limited to certain expressly stated claims. The order indicated that the court would grant no further leave to amend.

Plaintiff filed a third amended complaint which did not meet the specifications set out by the court in its order. The defendants again filed motions to

---

* The Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

dismiss, strike, and for more definite statement. The court dismissed the third amended complaint with prejudice and at the same time denied Fendler's motion to maintain the suit as a class action.

■ Federal Rule 41(b) [F.R.Civ.P. 41(b)] allows the court to dismiss an action for failure of the plaintiff to obey an order of the court. Further, our court has recognized an inherent power of the trial court to dismiss in order to protect the integrity of its orders. *O'Brien v. Sinatra*, 315 F.2d 637 (9th Cir. 1963). The decision to dismiss for failure to comply with an order is within the discretion of the trial judge. *Von Poppenheim v. Portland Boxing & Wrestling Com'n*, 442 F.2d 1047 (9th Cir. 1971). After an examination of the pleadings filed by the plaintiff and the orders entered by the district court, we cannot say that dismissal of this final complaint with prejudice constituted an abuse of discretion.

■ The district court refused to grant certification to the class proposed by Fendler on the grounds that the plaintiff's prosecution of the case to that point indicated that he would not be an adequate representative of the class. The district court has discretion in deciding whether to grant a motion for class certification. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Rule 23(a) lists prerequisites for the maintenance of the class action. One of the prerequisites is that the party seeking to represent the class will be an adequate representative of the class interests. One of the criteria for adequacy of representation would appear to be the zeal and competence of the counsel and party who wish to prosecute the action. We find no abuse of discretion in the district court's determination based on the plaintiff's deposition and his overall prosecution of the case, that no class should be certified because plaintiff would be an inadequate representative.