**Anna DIMUCCIO and Frank Ciaramello, Jr. as Executors of the Estate of Frank B. Ciaramiello a/k/a Bartholomeo Ciaramiello, Sr. a/k/a Bartholomeo Ciaramiello, a/k/a Bartholomeo Ciaramello, Plaintiffs,**

**v.**

**Gladys D'AMBRA, Gabriel D'Ambra and Louis Kirshenbaum, Defendants.**

**No. 90–271–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 9, 1990.

Steven Gale Nilsson, Clearwater, Fla., for plaintiffs.

Thomas Theron Steele, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the following:

Dkt. 19 Motion to dismiss Amended Complaint by Defendants, Gabriel D'Ambra and Gladys D'Ambra, filed May 18, 1990

Dkt. 20 Motion for summary judgment by Defendants Gabriel D'Ambra and Gladys D'Ambra, filed May 18, 1990

Dkt. 22 Motion by Plaintiffs, Frank Ciaramello, Jr. and Anna Dimuccio requesting the Court to take judicial notice of certain documents, filed June 1, 1990

Dkt. 23 Memorandum of law in opposition to Defendants' motion for summary judgment by Plaintiffs, filed June 1, 1990

Dkt. 24 Memorandum of law in opposition to Defendant's Rule 12(b)(6) and (7) motion to dismiss amended complaint by Plaintiffs, filed June 1, 1990

Dkt. 36 Supplement to Defendants' motion for final summary judgment, filed August 29, 1990

Dkt. 41 Memorandum of law in opposition to supplement to Defendants' motion for final summary judgment

Dkt. 42 Appendix in support of Plaintiffs' memorandum of law in opposition to supplement to Defendants' motion for final summary judgment

## FACTS

Frank B. Ciaramiello, who died November 25, 1988, at age 86, was a citizen of Rhode Island. He had five children of whom Gladys D'Ambra was the eldest. Anna Dimuccio, another daughter, and Frank Ciaramello, Jr., a son, are executors of the Decedent's estate which is currently being administered in the Probate Court of the City of Providence, Rhode Island. The Defendants, Gladys D'Ambra and her husband Gabriel (Gabe) D'Ambra live in Sarasota, Florida.

As he aged, the Decedent's health failed. During the period from approximately February to June of 1988, the Decedent left his home in Providence, Rhode Island and stayed with Gladys and Gabe D'Ambra at their home in Sarasota, Florida, except for periodic visits to other locations in Florida. Thereafter, he returned to Providence. The Decedent suffered a stroke in September, 1988, and was subsequently declared incompetent by a Rhode Island Court.

Louis Kirshenbaum had previously practiced law in Providence, Rhode Island, and had represented various members of the D'Ambra family for approximately forty years before his death on April 14, 1990. Kirshenbaum and his wife had moved to Sarasota but he was not licensed to practice law in Florida. The Kirshenbaums socialized with the D'Ambras in Sarasota. Since Louis Kirshenbaum is deceased, he is no longer a party to this action.

Plaintiffs contend that the D'Ambras exerted undue influence over the Decedent so that the Decedent placed real property (a home) and financial bank accounts in joint names with Gladys D'Ambra. They further allege that Defendants breached their fiduciary duties toward the Decedent and fraudulently induced him to make the transfers. As a result, in 1989, Plaintiffs sued the D'Ambras in the Twelfth Judicial Circuit Court in and for Sarasota, Florida. Louis Kirshenbaum was not a Defendant in the state court case. The proceedings in the state court are described below.

A. Plaintiffs filed an original complaint that named Gladys D'Ambra as Defendant. The complaint consisted of only two counts for declaratory judgment, and no count for civil theft.

B. On September 11, 1989, Plaintiffs filed their First Amended Complaint naming Gladys and Gabriel D'Ambra as Defendants. The First Amended Complaint set out three counts:

In Count I, Plaintiffs requested the Court to issue a declaratory judgment (i) that creation of the financial accounts in the joint names of Gladys and the Decedent, along with the transfers [to the accounts] described in paragraph 19 hereof, were the direct result of the fraud, undue influence and breach of fiduciary duties perpetuated by Defendants upon the Decedent; (ii) that the financial accounts belonged to the Decedent and passed to his estate at the time of his death; and (iii) awarding to Plaintiffs such portions of the

financial accounts that remain in existence plus all costs, attorney's fees, additional and supplemental relief and damages, including statutory prejudgment interest, to which Plaintiffs are entitled.

In count II, Plaintiffs sought a declaratory judgment (i) that Gladys' name was only placed upon the warranty deed to the home as a joint owner with right of survivorship because of the fraud, undue influence and breach of fiduciary duties perpetuated by Defendants upon the Decedent; (ii) that the home belonged to the Decedent and passed to his estate at the time of his death; (iii) that the warranty deed was not effective to pass title to the home to Gladys upon the Decedent's death; and (iv) awarding to Plaintiffs all costs, attorney's fees and additional and supplemental relief to which Plaintiffs are entitled."

In Count III, Plaintiffs alleged that Defendants had committed thefts of the Decedent's property in violation of Fla.Stat. § 812.014. Plaintiffs asked that the Court issue a judgment pursuant to Florida Statutes § 772.11 awarding Plaintiffs treble damages based on the value of the financial accounts and the home at the time of the Decedent's death, plus accrued statutory interest, along with all costs, attorney's fees and other relief to which Plaintiffs are entitled.

C. Gladys D'Ambra moved for dismissal of the Amended Complaint. On January 16, 1990, Circuit Judge James S. Parker granted the motion to dismiss Plaintiffs' Amended Complaint. Judge Parker's dismissal order stated:

1. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is granted.

2. The causes of action factually alleged by Plaintiffs in Counts I and II are not appropriate causes of action for a declaratory judgment.

3. The proper cause of action should be a constructive trust theory which would result from the acts complained by the Defendants.

4. Count III of the Plaintiffs' Complaint is dismissed with prejudice.

5. The Plaintiffs shall have twenty (20) days from the entry of this Order to amend their Complaint.

Plaintiffs claim that the dismissal order is ambiguous as to whether the original complaint, or the Amended Complaint was dismissed, (although the first sentence states that "Defendant's Motion to Dismiss Plaintiffs' Amended Complaint is granted.")

In support, Plaintiffs point out that the style of the case on the order was the style used in the original complaint and named only Gladys D'Ambra. Because the order names only Gladys D'Ambra as Defendant, Plaintiffs contend that the order affects only Gladys D'Ambra and does not adjudicate any of the claims against Gabriel D'Ambra. In addition, because the order dismissed Count III of the *Complaint*, not the *Amended Complaint*, Plaintiffs contend that the order is ambiguous because the original Complaint did not contain Count III.

D. On February 1, 1990, Plaintiffs filed an Amended Complaint in state court. The first paragraph read, "By filing this Amended Complaint, Plaintiffs do not waive or concede any rights they have to the causes of action specified in their First Amended Complaint because of defects which exist on the face of the Order on Motion to Dismiss or for any other reason." In their Amended Complaint, Plaintiffs asked for imposition of a constructive trust and reformation and cancellation of part of the deed.

E. On February 22, 1990, Plaintiffs filed a notice of voluntary dismissal of the Amended Complaint they filed February 1, 1990.

On March 6, 1990, Plaintiffs filed a complaint in the United States District Court for the Middle District of Florida, and on April 2, they filed their First Amended Complaint in the District Court. The First Amended Complaint, except for minor jurisdictional allegations and allegations regarding Defendant Kirshenbaum, is identical to all three counts of the Amended Complaint dismissed by the Sarasota Circuit Court.

Plaintiffs set out three counts in their First Amended Complaint filed in this Court. In Count I, Anna Dimuccio and Frank Ciaramello, Jr. (Plaintiffs), as executors of the estate of Frank B. Ciaramiello a/k/a Bartholomeo Ciaramiello, Sr. a/k/a Bartholomeo Ciaramello (Decedent) seek a declaratory judgment under Chapter 86 of the Florida Statutes (i) that creation of financial accounts in the joint names of the Decedent and Defendant Gladys D'Ambra, along with transfers to those accounts were the direct result of the actual and constructive fraud, undue influence and breach of fiduciary duties perpetrated by Gabriel (Gabe) and Gladys D'Ambra (D'Ambras) upon the Decedent; (ii) that the financial accounts belong to the Decedent and passed to his estate at the time of his death; and (iii) that Plaintiffs should be awarded the portions of the financial accounts that remain in existence plus all costs, attorney's fees, and additional and supplemental relief and damages, including statutory prejudgment interest, to which Plaintiffs are entitled.

In count II, Plaintiffs seek a declaratory judgment (i) that Defendant Gladys D'Ambra's name was placed on a residential real estate warranty deed (with Decedent's) as a joint owner with right of survivorship because of the actual and constructive fraud, undue influence and breach of fiduciary duties perpetuated by Defendants D'Ambra and Louis Kirshenbaum (Kirshenbaum); (ii) that the home belonged to the Decedent and passed to his estate at the time of his death; (iii) that the warranty deed was not effective to pass title to the home to Gladys upon the Decedent's death; and (iv) that Plaintiffs should be awarded all costs, attorney's fees and additional and supplemental relief to which Plaintiffs are entitled.

In Count III, Plaintiffs allege that Defendants D'Ambra have committed civil theft of the Decedent's property (monies, financial accounts and home) in violation of Florida Statutes § 812.014 (1989). Plaintiffs also allege that Defendant Kirshenbaum knowingly conspired with and aided and abetted the D'Ambras to obtain the home in violation of Florida Statutes § 812.014

(1989). Plaintiffs ask that the Court issue a judgment pursuant to Florida Statutes § 772.11 awarding Plaintiffs treble damages based on the value of the financial accounts and the home at the time of the Decedent's death, plus accrued statutory interest, along with all costs, attorney's fees and other relief to which Plaintiffs are entitled.

On May 3, 1990, Judge Kovachevich determined that the "Plaintiffs had the right to take a voluntary dismissal of the case in state court, the same law applies in this action, this suit is not vexatious because Plaintiffs are not proceeding only in this forum, and Defendants have measures available to them to collect their costs."

On August 23, 1990, the Twelfth Circuit Court entered a final judgment specifically finding that "the Plaintiffs' civil theft claim lacks substantial legal or factual support ..." and awards attorney's fees to the Defendants pursuant to Florida Statutes, § 772.11." The D'Ambras have filed motions in this Court for dismissal and for summary judgment.

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

A. Rule 12(b)(6) Motion To Dismiss Counts I and II for Failure To State a Claim for Declaratory Judgment.

Defendants contend that Counts I and II of the Plaintiffs' First Amended Complaint should be dismissed because Plaintiffs fail to allege ultimate facts establishing the necessary elements of an action for declaratory relief. The purpose of a declaratory judgment is to determine parties' rights and duties without having to resort to a tort or breach of contract as a prerequisite to a judicial determination. *Sheldon v. Powell*, 99 Fla. 782, 128 So. 258 (1930). The legal and equitable relations of persons and the existence or nonexistence of any immunity, power, privilege or right or of any fact on which any of them depends may be the subject of declaratory relief. Florida Statutes § 86.011. Generally, the essence of the action is a doubt of the party seeking relief about his rights, status, immunities, powers or privileges.

*Ready v. Safeway Rock Company,* 157 Fla. 27, 24 So.2d 808 (1946). However, the doubt cannot be based on disputed questions of fact alone. *Halpert v. Oleksy,* 65 So.2d 762 (Fla.1953). Declaratory judgments are not a substitute for other available remedies. The principle originally was that if the breach of contract or tort had occurred, the normal remedy must be pursued. *Florida Hotel and Restaurant Commission v. Marseilles Hotel Company,* 84 So.2d 567 (Fla.1956) (proper remedy was mandamus).

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ The rule in evaluating pleadings for declaratory relief is not whether Plaintiffs would be entitled to relief if the allegations were proven, but whether Plaintiffs are entitled to a declaration at all. This rule was adopted by the Florida Supreme Court in *Pizzi v. Central Bank and Trust Company,* 250 So.2d 895 (Fla.1971) which cited and adopted the ruling in *Hankins v. Title and Trust Co. of Florida,* 169 So.2d 526 (Fla. 1st DCA 1964). In *Hankins,* the Court observed that:

> Under the Florida Rules of Civil Procedure a pleading which sets forth a claim for relief, such as in a complaint, "must state a cause of action, and must contain allegations of fact sufficient to show the jurisdiction of the court." (Rule 1.8(b), 30 F.S.A.). In actions other than declaratory judgment proceedings, under the just-quoted rule the test of the sufficiency of a complaint is whether, if the factual allegations of the complaint are established by proof or otherwise, the plaintiff will be legally or equitably entitled to the claimed relief against the defendant.

A different rule, however, uniquely applies in declaratory judgment proceedings. All of the appellate courts of Florida have recognized the rule that in such proceedings the test of the sufficiency of the complaint is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all.

In *Wolf Sanitary Wiping Cloth, Inc. v. Wolf,* 526 So.2d 702 (Fla. 3d DCA 1988), the Court ruled that a personal representative could not seek declaratory relief under Chapter 86 by alleging facts extrinsic to the documents at issue. In doing so, the Court stated:

> The rule stated by the supreme court in *Bergh v. Canadian Universal Insurance Co.,* 216 So.2d 436 (Fla.1968) is that a declaratory judgment action will not lie when judicial determinations involve factual questions and issues and not contract interpretations or construction ...
>
> . . . .
>
> The use of declaratory proceedings is not available where the object is to try disputed questions of fact as the determinative issue rather than to seek a construction of definite stated rights, status, or other relations. *Smith v. Milwaukee Ins. Co.,* 197 So.2d 548 (Fla. 4th DCA) *cert. dismissed,* 204 So.2d 332 (Fla.1967).

■ A request that the Court determine rights due to alleged fraud and undue influence, which are facts extrinsic to the will, deed and joint account cards in the present case, does not fall within the purview of a declaratory judgment action.

In *Florida National Bank of Jacksonville v. Pugh,* 88 So.2d 284 (Fla.1956), *Pugh* brought suit for declaratory relief against an estate requesting that the Court construe a will and promissory note in a manner releasing him from his obligation under the note. *Id.* at 285. The trial court refused to dismiss the action and the Florida Supreme Court reversed. In doing so, the Supreme Court noted that both the will and promissory note were unambiguous and raised no doubt as to their meaning. In

reversing the trial court, the Supreme Court in *Pugh* recited the holding in *Columbia Casualty Co. v. Zimmerman*, 62 So.2d 338, 340 (Fla.1953):

> "The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question ..."

*Id.* at 285.

Mere allegations of facts extrinsic to the instruments allegedly affecting the rights under the instruments at issue are not sufficient to invoke jurisdiction under chapter 86.

In the present case, Plaintiffs fail to allege ultimate facts establishing the necessary elements of an action for declaratory relief including, but not limited to, the existence of a doubt concerning their rights. Rather, Plaintiffs have alleged that Defendants held accounts and real property jointly with the Decedent but no allegation is made concerning any ambiguity in the joint warranty deed or the documents establishing the joint accounts. (Paragraphs 18 and 48 of the Amended Complaint). In addition, Plaintiffs make no allegation of ambiguity or uncertainty concerning the provisions of the warranty deed and account documents dealing with disposition of the property and accounts in the event a joint owner dies. Instead, Plaintiffs allege facts extrinsic from the account documents that allegedly constitute fraud, undue influence, and misrepresentation by Defendant D'Ambras. (Paragraphs 22 and 40 of the Amended Complaint).

The Court grants Defendants' motion to dismiss Counts I and II of Plaintiffs' First Amended Complaint for failure to state a claim. The Court grants Plaintiffs leave to amend their complaint to state a cause of action other than an action for declaratory judgment.

**B. Rule 12(b)(7) Motion To Dismiss Count II for Failure To Join an Indispensable Party.**

Because this Court has dismissed Count II for failure to state a claim for declaratory judgment, the Court will not address Defendants' motion to dismiss for failure to join a party.

**C. Rule 12(b)(6) Motion To Dismiss Count III for Failure To State a Claim for Civil Theft.**

■ Plaintiffs allege that Defendants have committed civil theft under Florida Statutes § 812.014 (1989). The statute defines theft as follows:

> 812.014 Theft.
>
> (1) a person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
>
> (a) deprive the other person to a right to the property or benefit therefrom.
>
> (b) appropriate the property to his own use or to the use of any person not entitled thereto.

Plaintiffs allege that the Decedent placed his trust and confidence in the Defendants and that the Defendants exercised "undue influence" over the Decedent resulting in the Decedent's placing real property (the home) and financial accounts in joint names with Defendant Gladys D'Ambra. Plaintiffs do not allege that any property was transferred to Defendant Gabe D'Ambra.

In Paragraph 57 of their Amended Complaint, Plaintiffs *conclude* that "Gabe and Gladys have obtained and used the Decedent's home and the Decedent's monies which he deposited into the financial accounts," and in Paragraph 58 Plaintiffs *conclude* that "Gabe and Gladys .have knowingly obtained and used the property with the intent to permanently deprive the Decedent of rights to and benefits from the property and to appropriate the Property to Gabe and Gladys' use or to the use of their children, all without the Decedent's consent." However, Plaintiffs do not plead any ultimate facts that suggest that either of the Defendants ever, at any time, includ-

ing the present, obtained or used any of the monies in the joint accounts. Nor do Plaintiffs allege that Defendants deprived the Decedent of any right to the property or any benefit therefrom.

According to *Plaintiffs*, the property was owned jointly by the Decedent with Gladys D'Ambra. (Paragraphs 26 and 48 of the Amended Complaint). In *Hinkle v. State of Florida*, 355 So.2d 465 (Fla. 3d DCA 1978), *cert. dism.*, 359 So.2d 1220 (Fla.1978), the Court held:

> [i]t is the established law of this state that a co-owner of property cannot be held guilty of larceny of said property. This is true because the co-owner is in lawful possession of the joint property and cannot be guilty of (1) taking the property (2) of another, two of the essential elements of larceny. *Id.* at 465.

While *Hinkle* was decided prior to the adoption of the current civil theft statute, *Hinkle* applies to the current situation because "[t]he language in section 812.014, the present omnibus theft act, now includes a variety of offenses related to unlawful appropriation of property (e.g., larceny, false pretenses, embezzlement, etc.)." *Crawford v. State*, 453 So.2d 1139 (Fla. 2d DCA 1984). *See also Rosen v. Marlin*, 486 So.2d 623 (Fla. 3d DCA 1986).

Plaintiffs' allegations do not meet the elements of civil theft because Gladys D'Ambra was a co-owner with the Decedent of the home and the financial accounts.

Plaintiffs also allege that Defendants agreed that "the funds in the financial accounts would be divided pro rata among the Decedent's five children at the time of his death," (Paragraph 22(iii) of the Amended Complaint). The breach of such an agreement would not give rise to a civil theft claim under the laws of Florida, *See Rosen v. Marlin*, 486 So.2d 623 (Fla. 3d DCA 1986); *Crawford v. State*, 453 So.2d 1139 (Fla. 2d DCA 1984); *Advanced Surgical Technologies v. Automated Instruments, Inc.*, 777 F.2d 1504 (11th Cir.1985).

Since Plaintiffs have not alleged the elements of civil theft in their Amended Complaint, the Court grants Defendants' motion to dismiss Count III of Plaintiffs' Amended Complaint. The Court dismisses Count III with prejudice. Accordingly, it is

ORDERED that Defendants GLADYS D'AMBRA and GABRIEL D'AMBRA's motion for dismissal against Plaintiffs, ANNA DIMUCCIO and FRANK CIARAMELLO, Jr., as to Counts I and II of Plaintiffs' Amended Complaint is granted, with leave to amend their complaint within twenty (20) days from the entry of this order; it is further

ORDERED that Defendants GLADYS D'AMBRA AND GABRIEL D'AMBRA's motion for dismissal against Plaintiffs, ANNA DIMUCCIO AND FRANK CIARAMELLO, Jr., as to Count III of Plaintiffs' Amended Complaint is granted, and Count III is dismissed, with prejudice. This Court retains jurisdiction to enter an order for costs and attorney's fees pursuant to Florida Statutes § 772.11. It is further

ORDERED that all other pending motions before the Court in this cause, as listed above, are denied as moot.

DONE AND ORDERED.