Anna DIMUCCIO and Frank Ciaramello, Jr. as Executors of the Estate of Frank B. Ciaramello, a/k/a, Bartholomeo Ciaramello, Sr., a/k/a, Bartholomeo Ciaramello, Plaintiffs,

v.

Gladys D'AMBRA, Gabriel D'Ambra and Louis Kirchenbaum, Defendants.

No. 90–271–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Oct. 4, 1991.

Steven Gale Nilsson, Clearwater, Fla., for plaintiffs.

Thomas D. Shults, Shults & Pomeroy, Sarasota, Fla., for defendants Gladys and Gabriel D'Ambra.

Thomas Theron Steele, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for defendants Louis and Frances G. Kirshenbaum.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the court on the following:

Dkt. # 66 Defendants', Gladys D'Ambra and Gabriel D'Ambra, motion to dismiss the Second Amended Complaint, motion for Rule 11 sanctions, motion to discharge lis pendens and accompanying memorandum of law.

Dkt. # 67 Plaintiffs', Anna Dimuccio and Frank Ciaramello, Jr., response to Defendants' motions and memorandum of law.

Dkt. # 46 Plaintiffs' motion for rehearing and reconsideration of order dismissing with prejudice Plaintiff's claim for civil theft, request for permission to take immediate appeal and accompanying memorandum of law.

Dkt. # 59 Defendants' response to Plaintiffs' motion and memorandum of law.

In this case, a brother and sister, as executors of their dead father's estate, sue their eldest sister and her husband, alleging fraud, undue influence and breach of fiduciary duty. *See, Dimuccio v. D'Ambra,* 750 F.Supp. 495 (M.D.Fla.1990).

Plaintiffs, Anna Dimuccio and Frank Ciaramello, Jr., contend their father intended that upon his death his five children should share equally of his property. Plaintiffs allege Defendants, Gladys and Gabriel D'Ambra, exercised undue influence and used material misrepresentations to induce Decedent to place a substantial portion of his property in joint ownership with his daughter, Gladys.[1] Plaintiffs assert the transfers were premised on Defendants' promise that the property "would be divided pro-rata among the Decedent's five children at the time of his death." (Paragraph 22(iii) of the Second Amended Complaint). When the father died in 1988, Gladys became sole owner of the property by operation of law. Plaintiffs contend Defendants breached their pledge to divide the property among the five children, damaging the estate.

On October 9, 1990, this Court dismissed with prejudice Count III, civil theft, of the Second Amended and Supplemental Complaint, and dismissed with leave to amend counts I and II, which sought declaratory judgments under Florida Statutes chapter 86. This Court granted Plaintiffs "leave to amend their complaint to state a cause of action other than an action for declaratory judgment." *Dimuccio,* at 500.[2]

Plaintiffs filed a Second Amended Complaint with two counts largely identical to the dismissed actions, but without mention of Fla.Stat. Ch. 86. The complaint seeks a judgment holding that transfer of the property into joint ownership was the result of fraud, undue influence and breach of fiduciary duty; that the property belonged solely to Decedent and passed to his estate; that any co-ownership interest of Defendants in the subject property is null and void; and that the estate be awarded such portions of financial accounts that remain in existence and all other appropriate relief, including damages, costs, fees, and interest.

Now before the Court are Plaintiffs' motion for rehearing and reconsideration of the dismissal with prejudice of their earlier civil theft claim and Defendants' motion to Dismiss the Second Amended Complaint pursuant to Fed.R.Civ.P. 41(b), motion for sanctions under Fed.R.Civ.P. 11 and motion to discharge lis pendens.

## MOTION TO DISMISS PURSUANT TO RULE 41(b)

Defendants urge that Plaintiffs refiled an identical complaint based on the same declaratory judgment action, directly contravening the order granting leave to amend. Defendants argue the relief now sought mirrors the declaratory judgment relief previously dismissed, and that such conduct constitutes willful disobedience to orders of this Court. The Court is therefore asked to dismiss the Second Amended Complaint with prejudice. However, while the complaints bear close resemblance, the Second Amended Complaint contains no request invoking the Court's powers to declare rights under Fla.Stat. § 86.011. The Court finds that sanctions are not warranted.

This Court has authority under Fed.R.Civ.P. 41(b) to dismiss for failure to comply with court orders or federal rules. Rule 41(b) provides, in pertinent part:

Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute

---

1. The property placed into joint ownership consists of four financial accounts—two at a Florida savings and loan and two at Rhode Island banks—and a residence in Sarasota, Florida.

2. In a prior state court action on these same facts, Florida Twelfth Judicial Circuit Court Judge James S. Parker also dismissed with leave to amend counts seeking declaratory judgment as the claims were inappropriate causes of action for declaratory judgment, and dismissed

the civil theft count with prejudice. Plaintiff refiled the complaint seeking imposition of a constructive trust, then took a voluntary dismissal. Two weeks later, Plaintiffs filed their first complaint in this court on diversity jurisdiction. The complaint contained three counts virtually identical to the claims dismissed by the Sarasota Circuit Court. *Dimuccio v. D'Ambra,* 750 F.Supp. 495, 497 (M.D.Fla.1990).

or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits.

 The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir.1983). The propriety of a Rule 41(b) dismissal is commended to the trial court's broad discretion. *See, Carter v. United States,* 780 F.2d 925, 927 (11th Cir.1986). The Court approaches the issue mindful that dismissal with prejudice "is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable. A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *McKelvey v. AT & T Technologies, Inc.,* 789 F.2d 1518, 1520 (11th Cir.1986).

 In short, the Court does not find that by removing all references to the statutory declaratory judgment rules and powers as ordered, Plaintiffs engaged in the "contumacious indifference to the Court of the kind we generally regard as requisite to the use of this severe sanction." *International Association of Heat and Frost Insulators and Asbestos Workers v. Leona Lee Insulation and Specialties, Inc.,* 516 F.2d 504, 505 (5th Cir.1975). It is true that the Second Amended Complaint contains the same allegations, and requests much the same relief. However, the previously dismissed claims expressly sought remedy under the declaratory judgment statute. The present complaint no longer seeks refuge under an inapplicable state statute.

Defendants cite a series of cases in support of their Rule 41(b) motion, including *Fendler v. Westgate–California Corp.,* 527 F.2d 1168 (9th Cir.1975); *Mangan v. Weinberger,* 848 F.2d 909 (8th Cir.1988); *Maddox v. Shroyer,* 302 F.2d 903 (D.C.Cir. 1962); *Nevijel v. North Coast Life Insurance Co.,* 651 F.2d 671 (9th Cir.1981), and *Hayduk v. Lanna,* 775 F.2d 441 (1st Cir. 1985). In all these cases, circuit courts affirmed Rule 41(b) dismissals with prejudice. However, each case turned on its own singular fact pattern, none particularly analogous to the issue at hand.

For instance, *Fendler* involved a many faceted complaint. The court noted the matter "seemed to be in the nature of a derivative action and seemed to allege injury" to the corporation as a result of transactions between some of the 46 defendants. *Fendler* at 1169. More defendants were added later. The complaint was dismissed with leave to amend limited to certain expressly stated claims. When plaintiff failed to meet the court's specifications, the court dismissed the refiled complaint with prejudice, a ruling the Ninth Circuit found well within the trial court's discretion.

In *Mangan,* the initial 432–page complaint was characterized chiefly by rambling factual allegations and a number of blank pages. When the complaint was dismissed, plaintiff had succeeded in whittling it down to a mere 24 pages and 364 paragraphs with 15 causes of action (including attachments of a 17 page "Continuation of the Facts", a television "I–Team Report" and exhibits) that the Eighth Circuit called unreasonably verbose, confusing and conclusory. *Mangan* at 911. Dismissal with prejudice was affirmed on appeal because the pleading failed Fed.R.Civ.P. 8 requirements that a complaint be "simple, concise and direct."

*Maddox* involved pleadings that "offend[ed] every rule in the Rules of Civil Procedure." *Mangan* at 903. At pretrial, the trial judge pointed out that the rules had not been breached inadvertently, but had been ignored in "vicious and grievous" violations, and instructed plaintiff to amend his complaint to bring it in line with the rules of procedure. When plaintiff made no effort to correct his failings, the complaint was dismissed with prejudice and the ruling was affirmed on appeal.

**1322**

The Court notes these particular procedural nightmares to point out that rarely will the facts of one dismissal for failure to obey a court order fit neatly with those of another. Defendants do not suggest how the cases cited apply to the matter at hand and any similarity eludes the Court.

■ It is settled law that the function of a complaint under the federal rules is to give the defendant fair notice of plaintiff's claim and the grounds on which the plaintiff relies. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory. *Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707 (8th Cir.1979). The sufficiency of a pleading is tested by the statement of the claim, and the demand for judgment is not considered part of the claim. Fed.R.Civ.P. 54(c). Selection of an improper remedy in the demand is not fatal if the claim indicates the pleader is entitled to some other relief. *See,* 5 C. Wright & A. Miller, "Federal Practice and Procedure" § 1255 (1990).

In *Doss v. South Central Bell Telephone Co.,* 834 F.2d 421 (5th Cir.1987), plaintiff alleged age discrimination and sought compensatory and punitive damages relief under Title VII. The trial court dismissed the claim with prejudice on the grounds that Title VII does not provide a cause of action for age discrimination and allows only equitable relief, not compensatory and punitive damages. The Fifth Circuit vacated the order of dismissal on appeal, holding even though plaintiff failed to state a proper Title VII cause of action, the complaint sufficiently alleged a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. The court reasoned the complaint served to notify defendant of the nature of the claim and the grounds on which it was based despite the fact that the complaint never mentioned the proper act and the *ad damnum* clause requested compensatory and punitive relief that could not be granted.

Here, the Court finds Plaintiffs have alleged the proper elements of fraud, undue influence and breach of fiduciary duty.

The complaint alleges causation and injury and seeks "relief to which the plaintiffs are entitled." Damages are listed among the relief sought. Defendants know the nature of the claims against them and the grounds on which they are based. That the *ad damnum* clause still contains requests for relief otherwise recognized under Chapter 86 is not sanctionable. The question as to whether that relief will ultimately be awarded is not before the Court at this time. The offending call for application of Fla.Stat. § 86.011 is absent.

■ As the Court held earlier, declaratory judgment actions are unique proceedings that will not lie when judicial determinations hinge on factual issues not involving contract interpretations or construction of rights or other relations. *Bergh v. Canadian Universal Insurance Co.,* 216 So.2d 436 (Fla.1968). Whether a declaratory action lives or dies depends not on the sufficiency of the allegations, but whether the plaintiffs are entitled to a declaration at all. *Pizzi v. Central Bank and Trust Co.,* 250 So.2d 895 (Fla.1971).

■ Allegations of fraud, undue influence and breach of fiduciary duty are fact-specific issues that fail to provide the basis to invoke jurisdiction under Chapter 86. The Court dismissed the complaint with leave to amend and provided specific directions that the amendments remove the prayer for declaratory judgment. That prayer is absent from the pleading at issue and the Court finds the claims sufficiently well pled to withstand a motion to dismiss.

Defendants' motion to dismiss pursuant to Rule 41(b) is denied. Defendants' motion for sanctions under Rule 11 is denied, there being no grounds supporting the imposition of sanctions. Defendants' motion to discharge lis pendens is denied.

### MOTION FOR REHEARING AND RECONSIDERATION

Plaintiffs urge the Court to revisit the order dismissing with prejudice the civil theft count of the Second Amended and Supplemental Complaint. *Dimuccio v. D'Ambra,* 750 F.Supp. 495, 500, 501

(M.D.Fla.1990). Plaintiffs dispute the propriety of this Court's dismissal with prejudice of their civil theft claim under Florida Statutes § 812.014 (1989). Plaintiffs assert this Court overlooked recent Florida caselaw, misread the complaint, overlooked settled Florida law, overlooked statutory definitions and failed to apply proper pleading standards. Plaintiffs also cite newly obtained evidence in support of their contention that a theft occurred. The Court finds Plaintiffs' arguments unpersuasive and, except to the extent of the following discussion, Plaintiffs' motion for rehearing and reconsideration is denied.

## CLARIFICATION

■ Plaintiffs cite new evidence that within the hour after her father died, Defendant, Gladys D'Ambra, closed out jointly owned financial accounts and transfered the money into new accounts in her name as trustee for the benefit of her and her husband's daughters. Plaintiffs maintain the new allegation shows the Decedent was deprived of the right and benefit of leaving the property equally to his five children, and that Defendants can be held to answer for civil theft. However, no authority is cited in support of the proposition that a party can be guilty of civil theft of the right to pass on property at death.

The new allegation changes nothing in the Court's prior order. Plaintiffs still do not allege that Decedent was deprived of any cognizable right or benefit while he was alive. Once deceased, Decedent's joint ownership interest expired with him, and the surviving co-owner assumed sole ownership. Upon death, Decedent could be deprived of no rights in or benefits from jointly owned property because he had no ownership interest. Plaintiffs' property was allegedly subject to an agreement to reconvey and that agreement was allegedly breached. However, those allegations do not create a civil theft claim under Florida law. *See, Rosen v. Marlin*, 486 So.2d 623 (Fla. 3d DCA 1986); *Crawford v. State*, 453 So.2d 1139 (Fla. 2d DCA 1984); *Advanced Surgical Technologies v. Automated Instruments, Inc.*, 777 F.2d 1504 (11th Cir.1985).

In *Gainer v. State*, 553 So.2d 673 (Ala. Crim.App.1989), defendant was found guilty of criminal theft under Alabama law of obtaining a joint ownership in the property of Margaret Endicott, an elderly, wheelchair-bound widow suffering from Parkinson's Disease. While a nursing home patient, Endicott became acquainted with Frances Gainer, a beautician at the home. Mentally and physically enfeebled and in need of full-time, in-house care, Endicott left the nursing home, and Gainer began looking after her. Thereafter, a joint checking account was opened in both of their names and funded with Endicott's money. Then funds started flowing out of the account for purchases of various items for Gainer and members of her family. Purchases included a red Corvette, a 23-foot sailboat, a computer, a tanning bed, furniture, and gold jewelry. Funds also paid for various of Gainer's bills including cable television, telephone, electric, water, Mastercard, auto insurance premiums and dental bills.

The State alleged that while Endicott was alive, Gainer wrongfully appropriated $110,000 solely benefitting herself and her family. Gainer contended on appeal that a joint owner cannot, as a matter of law, be guilty of the theft of jointly owned property, and relied on *Hinkle v. State*, 355 So.2d 465 (Fla. 3d DCA 1978), *cert. dismissed*, 359 So.2d 1220 (Fla.1978). The court disagreed and upheld the theft conviction, noting that Gainer knew the victim was not mentally competent, that Gainer had assumed complete control of her victim's financial affairs, and that while in control, Gainer took thousands of dollars from her victim for her own use.

The crucial distinction between *Gainer* and the case at hand lies in the fact that Gainer obtained large sums of jointly owned money for herself, depriving the still-living owner of all rights to and benefits therefrom. That wrongful deprivation remains absent in the present case.

## REQUEST FOR PERMISSION TO TAKE IMMEDIATE APPEAL

In the alternative, Plaintiffs request permission pursuant to Fed.R.Civ.P. 54(b) or

28 U.S.C. § 1292 to take an immediate appeal of dismissal of their civil theft claim.

Plaintiffs' request for application of Rule 54(b) is inappropriate as the order sought to be appealed from was not a final judgment of the matter. *See, Principal Mutual Life Insurance Co. v. Cincinnati TV 64 Ltd.*, 845 F.2d 674 (7th Cir.1988). Under 28 U.S.C. § 1292(b), a district court may allow application for interlocutory appeal with the court of appeals if the order involves a controlling question of law as to which there is: 1) substantial ground for difference of opinion; and 2) an immediate appeal may materially advance the ultimate termination of the litigation.

The statute is designed to be applied sparingly and only in exceptional cases where a quick appeal would avoid protracted litigation. It is not intended for a vast number of appeals from interlocutory orders in ordinary litigation. *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431 (3rd Cir.1958). In determining whether to certify an order for interlocutory appeal, the court should assess the probability that its decision of which appeal is sought is in error as well as the extent to which additional time and expense may be saved by the appeal. *Kennard v. United Parcel Service, Inc.*, 531 F.Supp. 1139 (E.D.Mich. 1982).

This Court finds no ground for a difference of opinion in this matter. The Court notes dismissal with prejudice of the civil theft claim is the identical result reached by the state court. Nor have Plaintiffs drawn the Court's attention to any divergent authorities. The Court finds that, given the likelihood of reversal on appeal, there is little potential that allowing piecemeal appeals will materially advance termination of the litigation. The issue raised in this and the previous order are preserved for timely appeal subsequent to trial should Plaintiffs desire to argue it then. Accordingly, it is

ORDERED that Defendants', GLADYS D'AMBRA and GABRIEL D'AMBRA, motion to dismiss is denied. Defendants are ordered to file responsive pleadings to the complaint within 20 days from the entry of this order; it is further

ORDERED that Plaintiffs', ANNA DI-MUCCIO and FRANK CIARAMELLO, JR., motion for rehearing and reconsideration, except to the extent clarified herein, is denied. Plaintiffs' request for permission to take immediate appeal is denied. It is further

ORDERED that all other pending motions before the Court in this cause as listed above are denied.

DONE AND ORDERED.