Jeffrey A. BRYAN, Plaintiff,

v.

Margaret H. MURPHY, Thomas W. Thrash, William S. Duffey, Jr., and Melanie D. Wilson, Defendants.

No. CIV.A. 102CV2492BBM.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 12, 2003.

Jeffrey A. Bryan, Pompano Beach, FL, Pro se.

Lisa D. Cooper, Melanie D. Wilson, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for Margaret H. Murphy, Thomas W. Thrash, William S. Duffey, Jr., Melanie D. Wilson, Defendants.

### ORDER

MARTIN, District Judge.

This action, alleging various constitutional violations, is before the court on Plaintiff Jeffrey A. Bryan's motion for reconsideration [Doc. No. 12–1].

### I. *Factual and Procedural Background*

On ·September 10, 2001, Jeffrey A. Bryan ("Bryan") filed the instant action against United States Bankruptcy Judge Margaret H. Murphy ("Murphy") and United States District Judge Thomas W. Thrash ("Thrash"). In his complaint, Bryan alleges that these judges conspired to subvert justice in the adjudication of his bankruptcy. Responding to Bryan's complaint, Assistant United States Attorney Melanie D. Wilson ("Wilson") and United States Attorney William S. Duffey, Jr. ("Duffey") filed a motion to dismiss on behalf of the judges. Thereafter, Bryan amended his complaint, adding Wilson and Duffey as defendants. According to Bryan, Wilson and Duffey aided and abetted the purported conspiracy by representing the judges. Bryan further contends that the United States Attorneys had no legal authority to represent the judges, and therefore, Wilson and Duffey violated the law in their representation of the judges.

After full consideration of Bryan's arguments, the court granted the judges' motion to dismiss. The court also dismissed the claims against Wilson and Duffey. The court based its decision on the doctrine of judicial immunity and statutory language permitting United States Attorneys to represented federal judges. Unsatisfied with the court's decision, Bryan filed a motion for reconsideration on January 23, 2003. Therein, Bryan again asserts that Wilson and Duffey have no statutory authority to represent Murphy and Thrash. Moreover, Bryan reiterates the allegedly unconstitutional and conspiratorial actions taken by the judges. He further characterizes the court's prior order as "legal garbage" and requests that the court reconsider his arguments to prevent him from having "to sift through the legal garbage initially used and then [having] to address the truth and reality of this Court's judgment used as a cover for the Defendants." Against this procedural backdrop, the court now resolves Bryan's motion for reconsideration [Doc. No. 12–1].

### II. *Standard for Motions for Reconsideration*

Under Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." N.D. Ga. Local R. 7.2(E) (2001). As indicated by the language of this rule, motions for reconsideration are not to be filed as a matter of course, but only when "absolutely necessary." *Id.; Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs,* 916 F.Supp. 1557 (N.D.Ga.1995) (O'Kelley, J.). Reconsideration is only "absolutely necessary" where there is: (1) newly discovered evidence; (2) an inter-

vening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *Jersawitz v. People TV,* 71 F.Supp.2d 1330 (N.D.Ga.1999) (Moye, J.); *Paper Recycling, Inc. v. Amoco Oil Co.,* 856 F.Supp. 671, 678 (N.D.Ga. 1993) (Hall, J.).

██ Given the narrow scope of motions for reconsideration in this court, there are a variety of circumstances under which a motion for reconsideration is inappropriate. Parties may not use a motion for reconsideration as an opportunity to show the court how it "could have done it better." *Pres. Endangered Areas of Cobb's History, Inc.,* 916 F.Supp. at 1560. Similarly, motions for reconsideration may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind. *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.,* 103 F.Supp.2d 1322, 1338 (N.D.Ga. 2000) (Murphy, H.L., J.); *Johnson v. United States,* No. Civ. A. 1:96CV1757JOF, 1999 WL 691871 (N.D.Ga. July 14, 1999) (Forrester, J.). Also, a "reconsideration motion may not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Computer Servs., Inc.,* 202 F.R.D. 666, 675 (N.D.Ga.2001) (Story, J.) (citing *O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992)). If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied. *Brogdon ex rel. Cline,* 103 F.Supp.2d at 1338.

██ Because he has not shown newly discovered evidence, a change in controlling law, or clear error, Bryan is not entitled to a reconsideration of the court's earlier ruling. *Deerskin Trading Post,*

*Inc. v. United Parcel Serv. of Am., Inc.,* 972 F.Supp. 665 (N.D.Ga.1997) (Hull, J.). In its order of January 13, 2003, the court outlined in detail the reasons it believed dismissal was appropriate. In response, Bryan argues that the court misconstrued the law and overlooked important information when dismissing his claims against the attorneys and the judges. However, each of the arguments presented by Bryan has already been evaluated by the court. Accordingly, Bryan's motion for reconsideration simply repackages the arguments presented in opposition to the defendants' motion to dismiss. Bryan is not entitled to reconsideration, and the court adheres to its prior ruling for the reasons outlined below. *Id.*

### A. Legal Representation of Murphy and Thrash

██ Despite Bryan's vigorous argument to the contrary, Wilson and Duffey are authorized to represent Murphy and Thrash. Bryan dedicates much of his motion for reconsideration to arguing that 28 U.S.C. § 516 does not authorize United States Attorneys to represent members of the judicial branch. Specifically, Bryan argues that Murphy and Thrash, as members of the judicial branch, do not qualify as "an agency" under 28 U.S.C. § 516. However, Bryan's argument overlooks other language in 28 U.S.C § 516. Pursuant to the statute, "the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. Importantly, this section authorizes government representation in three distinct situations. First, litigation is reserved to the Department of Justice when a United States "agency" is involved. *Id.* Second, litigation is reserved to the Department of

Justice in lawsuits involving "officer[s]" of the United States. *Id.* Third, the statute reserves litigation to the Department of Justice in situations where "the United States . . . is interested." [1] *Id.* Accordingly, Murphy and Thrash need not be "an agency" to permit the Department of Justice to conduct their representation through the United States Attorney's Office. Instead, they need only be officers, or invoke the interest, of the United States.

■ Various enabling statutes for the United States District Courts and the United States Bankruptcy Courts refer to judges of these courts as "officer[s]" and "office" holders. For example, 28 U.S.C. § 134 states that "district judges shall hold office during good behavior." Likewise, 28 U.S.C. § 143 proscribes the procedures to be followed when "the office of a district judge becomes vacant." Moreover, 28 U.S.C. § 453 requires federal judges to take an oath "before performing the duties of his [or her] office." Similarly, 28 U.S.C. §§ 151 and 152 designate bankruptcy judges as "judicial officers," and 28 U.S.C. §§ 152 and 153 discuss the "duties of the office" of a bankruptcy judge. Given the terminology utilized in these statutes, Wilson and Duffey are legitimately authorized under 28 U.S.C. § 516 to conduct litigation involving Murphy and Thrash as "officer[s]" of the United States. *See Booth v. Fletcher,* 101 F.2d 676, 679–80 (D.C.Cir. 1938) (finding "it is not even a doubtful question" whether representation of "judicial and other officers" was proper); *Miller v. Johnson,* 541 F.Supp. 1165, 1172 (D.D.C.1982) (stating that the United States Attorney may "represent the designated judges . . . who are federal officers").

■ Further statutory support for the representation of federal judges by the United States Attorney's Office can be found at 28 U.S.C. § 463. According to Congress,

> [w]henever a Chief Justice, justice, judge, officer, or employee of any United States court is sued in his [or her] official capacity, or is otherwise required to defend acts taken or omissions made in his [or her] official capacity, and the services of an attorney for the Government are not reasonably available pursuant to chapter 31 of this title, the Director of the Administrative Office of the United States Courts may pay the costs of his [or her] defense.

28 U.S.C. § 463. Implicit in this statute is an understanding that government attorneys should be made available to judges being forced to defend their official actions "pursuant to chapter 31." [2] Otherwise, if government attorneys are "not reasonably available," a judge can be reimbursed by the government for the expense of private representation. *See Tashima v. Admin. Office of the United States Courts,* 967 F.2d 1264, 1267 (9th Cir.1992). Either situation—representation by government attorneys or government reimbursement for private representation—reflects the "well established" principle "that when an officer of the United States is sued because of some official act done in the discharge of an official duty, the expense of defending the suit should be borne by the United States." 1 Admin. Office of the

---

1. The court also notes that 28 U.S.C. § 547 defines the duty of each United States Attorney to include: "prosecut[ing] and defend[ing], for the Government, all civil actions, suits or proceedings in which the United States is concerned."

2. Chapter 31 refers to the code sections defining the responsibilities of the Attorney General. *See* 28 U.S.C. §§ 501–530A. It includes 28 U.S.C. §§ 516 and 519.

U.S. Courts, *Guide to Judiciary Policies & Procedures*, Chapter XI, part D, Exh. D–1 (1997).

Courts across the country have accepted the propriety of United States Attorney representation of federal judges. The Ninth Circuit, in 1992, stated that "[n]ormally, when federal judges are sued in their official capacity, a government attorney will be assigned to defend them." *Tashima*, 967 F.2d at 1267. Likewise, the Second Circuit has held that "[t]he Attorney General's power to authorize the United States Attorney to defend a federal judge in the circumstances here presented is clear beyond peradventure." *Weiss v. Bonsal*, 344 F.2d 428, 429–30 (2d Cir.1965). In *Meredith v. Van Oosterhout*, the Eighth Circuit found that "the United States was, of course, interested and concerned in a civil action brought against a judge of one of its courts for acts performed in his official capacity." 286 F.2d 216, 219–20 (8th Cir.1960). Because of this interest, the Eighth Circuit found that "there can be no question about the right of the United States through its Attorney General and other subordinate officers to appear for and conduct the defense of any of its officials who have been proceeded against by reason of their official acts." *Id.* at 220; *see also Christensen v. Ward*, 916 F.2d 1462, 1484 (10th Cir.1990) (holding that "[t]he United States Attorney and attorneys of the Department of Justice have statutory authority to represent federal judges"); *Booth*, 101 F.2d at 679–80 (finding "it is not even a doubtful question" whether representation of federal judges and other officers was proper); *Miller*, 541 F.Supp. at 1172 (stating that the United States Attorney may "represent the designated judges ... who are federal officers"); *United States v. Zagari*, 419 F.Supp. 494, 505 (N.D.Cal.1976) (noting that "the United States Attorney customarily represents a federal judge in matters involving his judicial actions").

In the face of this legal authority, Bryan's argument fails. The United States Attorney's Office, through Duffey and Wilson, is statutorily authorized and obligated to defend Murphy and Thrash. Because of these legislatively proscribed duties, Bryan cannot state a claim against Duffey and Wilson, and the dismissal of these defendants was proper.

**B. *Immunity of the Judges and United States Attorneys***

To further encourage the court to reconsider its January 13, 2003 order, Bryan reemphasizes the purportedly corrupt actions of the defendants. As in his original motion, Bryan requests that the court force Murphy and Thrash to recuse themselves. He also asks the court to expose the defendants to suit, arguing that none deserve immunity. However, the court remains convinced that the judges and attorneys involved in this case are entitled to immunity from suit. In the Eleventh Circuit, judicial immunity protects district and bankruptcy court judges acting in their official capacities from suit for money damages, as well as injunctive and declaratory relief. *Bolin v. Story*, 225 F.3d 1234 (11th Cir.2000). A similar policy rationale entitles Wilson and Duffey to absolute immunity in the conduct of their official duties. *See McConnell v. King*, 42 F.3d 471 (8th Cir.1994); *Fry v. Melaragno*, 939 F.2d 832 (9th Cir.1991); *Murphy v. Morris*, 849 F.2d 1101 (8th Cir.1988); *Pryzina v. Ley*, 813 F.2d 821 (7th Cir.1987); *Barrett v. United States*, 798 F.2d 565 (2d Cir.1986); *Moore v. Schlesinger*, 150 F.Supp.2d 1308 (M.D.Fla.2001).

Moreover, even if these defendants are not entitled to immunity from suit, Bryan cannot establish the necessary prerequisites to injunctive and declaratory relief.

*Bolin,* 225 F.3d at 1242. Notably, for defendants Wilson and Duffey, Bryan cannot demonstrate a violation of law or continuing risk of irreparable injury. As discussed above, Wilson and Duffey's representation of the judges is consistent with the law, and there is no allegation that Wilson or Duffey is involved with Bryan's other lawsuits pending before this court. Likewise, for defendants Murphy and Thrash, Bryan has an adequate remedy at law: he can appeal any decision reached by these judges to the Eleventh Circuit. *Bolin,* 225 F.3d at 1242; *see also Moore,* 150 F.Supp.2d at 1314. Therefore, even supposing that the court did not afford these defendants absolute immunity, the court would still be obligated to dismiss Bryan's claims.

### III. *Summary*

Thus, Jeffrey A. Bryan is not entitled to pursue independent claims against United States Bankruptcy Judge Margaret H. Murphy, United States District Judge Thomas W. Thrash, Assistant United States Attorney Melanie D. Wilson, or United States Attorney William S. Duffey, Jr. Even in light of Jeffrey A. Bryan's motion for reconsideration, the court continues to believe that the lawsuit against these defendants was properly dismissed. Accordingly, Jeffrey A. Bryan's motion for review and reconsideration [Doc. No. 12–1] is hereby DENIED.