[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11724

Non-Argument Calendar

_____

JAMAL SHAEED WHITEHEAD,

Plaintiff-Appellant,

*versus*

CITY OF ATLANTA,
a municipal corporation of the State of Georgia,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00353-SEG

————————————

Before LAGOA, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jamal Shaeed Whitehead, proceeding *pro se*, sued the City of Atlanta under 42 U.S.C. § 1983 for various purported constitutional infirmities arising from two traffic stops. The District Court dismissed his amended complaint and then denied his post-judgment motion requesting alteration to or reconsideration of the dismissal. Whitehead now appeals both orders. After careful review, we affirm.

## I.

We begin with the two separate traffic stops in 2016 that give rise to this appeal.[1]

On April 26, 2016, a law enforcement officer attempted to stop Jamal Whitehead for speeding while driving his father to the hospital. Hazard cones prevented Whitehead from accessing the shoulder until he came to an unblocked portion of the highway. Immediately, the officer confronted Whitehead with a drawn firearm. Although Whitehead explained that he was driving his father to the hospital, the officer attempted to initiate a field sobriety test. Whitehead refused, stating he would only answer questions

—————————

[1] We accept the factual allegations in Whitehead's complaint as true and construe them in the light most favorable to him. *Veritas v. Cable News Network, Inc.*, 121 F.4th 1267, 1274 (11th Cir. 2024) (citation omitted).

24-11724                Opinion of the Court                3

relating to his vehicle's speed.  Eventually, the officer pulled White-head from the car and placed him under arrest.

On October 12, 2016, Whitehead was again involved in a traffic incident.  Whitehead had parked in a designated "passenger drop-n-go" spot and was laying back with his eyes closed as he awaited the end of his friend's work shift.  A law enforcement officer approached the vehicle, tapped on the window, and instructed Whitehead to turn the vehicle off.  After a medical unit checked Whitehead's vital signs, the officer asked Whitehead to step out of the car.  Whitehead, now facing multiple officers, called his father to convey what was occurring.  When one of the officers asked to speak to Whitehead's father, Whitehead questioned their purpose.  This caused the officers to restrain Whitehead and place him under arrest.

Ultimately, the Fulton County Solicitor General charged Whitehead with six misdemeanors arising from both arrests.  He pleaded not guilty, but no probable cause proceedings or evidentiary hearings occurred before his first jury trial date.  Moreover, the prosecuting attorneys did not disclose exculpatory evidence to Whitehead.  His trial date was continued multiple times, but the only evidence he ever received was a police report.  Eventually, Whitehead moved to compel discovery, and the Fulton County Solicitor General's Office filed entries of *nolle prosequi* for all but one speeding charge.

★        ★        ★

Whitehead filed his first complaint *in forma pauperis* in the United States District Court for the Northern District of Georgia against the City of Atlanta Police Department on January 28, 2022. He then amended his complaint in response to the Police Department's motion to dismiss, substituting the City of Atlanta as the defendant for four claims. In Count I, Whitehead alleged under 42 U.S.C. § 1983 that he was compelled to incriminate himself in violation of the Fifth Amendment of the Federal Constitution when he was forced to participate in a field sobriety test during his April 26, 2016, traffic stop. In Count II, Whitehead alleged under § 1983 that both of his arrests were unlawful and conducted without probable cause in violation of the Fourth and Fourteenth Amendments of the Federal Constitution. In Count III, Whitehead alleged under § 1983 that the withholding of exculpatory evidence and his continued prosecution without probable cause constitute malicious prosecution in violation of the Fourth and Fourteenth Amendments of the Federal Constitution. In Count IV, Whitehead alleged under § 1983 that the failure to disclose favorable exculpatory evidence constitutes a violation of his Fourteenth Amendment right to due process under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

The District Court dismissed Whitehead's complaint. It concluded that Counts I and II of Whitehead's complaint were time-barred. It then dismissed Counts III and IV because his complaint erroneously targeted the City of Atlanta when Fulton County employed his prosecutors. It also concluded, in the alternative, that Whitehead failed to sufficiently plead a theory of

24-11724                Opinion of the Court                5

municipal liability that would subject the City of Atlanta to liability under § 1983. Because Whitehead already amended his complaint, the District Court dismissed his complaint with prejudice.

Whitehead then moved the District Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e).[2] The District Court concluded that none of his arguments sufficiently showed that errors of law or fact warranted reconsideration of or alteration to the order of dismissal.

Whitehead timely appeals both of the District Court's orders. Liberally construing his *pro se* appellate brief, we distill four arguments on appeal. First, he argues that the District Court erred because he sufficiently pleaded the claims in Counts II, III, and IV of his complaint. Second, he argues that the District Court erred by construing his complaint as only targeting Fulton County employees. Third, he argues that the District Court erred in not recognizing that he brought claims under Georgia law, and that in light of controlling Georgia law he correctly named the City of Atlanta as the defendant. And fourth, he argues that the District Court erred by not *sua sponte* ordering the joinder of additional parties to remediate his complaint. We assess these arguments in turn.

---

[2] The District Court noted that Whitehead also styled his pleading as a motion for reconsideration, which the local rules permit. *See* N.D. Ga. Civ. R. 7.2(E). The District Court reviewed its order of dismissal for errors of fact or law, citing the standards for both pleadings.

## II.

Because Whitehead appeals from both the District Court's order dismissing his complaint and its order denying his motion for reconsideration or amendment of the judgment, we begin with Whitehead's first two contentions, which we take as challenges to the dismissal of his complaint for failure to state a claim.[3]

"We review a district court's decision to grant a motion to dismiss *de novo.*" *West v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1289, 1296 (11th Cir. 2017) (citing *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, we 'accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor.'" *Id.* (quoting *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010)). And to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right

---

[3] "[W]e read briefs filed by *pro se* litigants liberally." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citing *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997)). Whitehead did not explicitly raise any arguments in his post-judgment motion relating to the sufficiency of his claims, but rather to the District Court's understanding of his factual and legal allegations. Similarly, Whitehead did not explicitly claim in his post-judgment motion that the District Court erred by construing his complaint as only targeting Fulton County employees, instead alleging that the defendant's failure to move under Rule 12(e) for a more definite statement as to the identity of the employees absolved him of any error and, in the alternative, that the District Court should have *sua sponte* ordered a more definite statement.

Accordingly, we construe Whitehead's arguments in his appellate brief about the sufficiency of his allegations and the Court's understanding of the identity of his prosecutors as challenges to the District Court's order of dismissal.

24-11724                Opinion of the Court                7

to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

Both of Whitehead's arguments relating to the District Court's order of dismissal fail because he has not "convince[d] us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*

In its order dismissing Whitehead's complaint, the District Court determined that Count II was time-barred, and that Counts III and IV targeted the wrong defendant and failed to plead a viable theory of municipal liability. But Whitehead does not challenge the statute-of-limitations ground on which the District Court dismissed Count II, nor does he challenge the Court's determination that he failed to sufficiently plead a theory of municipal liability in Counts III and IV. While he does state in passing that the Court erroneously construed his factual allegations as only identifying his prosecutors as Fulton County employees, such that the City of Atlanta is a correct defendant, he does not then explain why his complaint sufficiently alleged that the City of Atlanta is liable for those prosecutors' actions under the rationale of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018 (1978). Instead, he abandons that ground and argues that the District Court should have accounted for alternative theories of liability under Georgia law.

Whitehead thus fails to challenge all of the grounds on which the District Court dismissed Counts II, III, and IV of his complaint. "It follows that the district court's judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 678 (internal quotation marks omitted).

## III.

We next address Whitehead's latter two arguments, which we understand as challenges to the District Court's denial of his post-judgment motion seeking alteration to or reconsideration of the order of dismissal.[4]  Because the District Court reviewed Whitehead's post-judgment motion as both a Rule 59(e) motion and as a motion for reconsideration, we review its order under both standards.

"We review the denial of a Rule 59 motion for abuse of discretion." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006)).  "The only

---

[4] In his post-judgment motion, Whitehead explicitly argued that he brought the claims in his complaint under both federal and state causes of action, and that the District Court erred in not discerning and ruling on these claims.  He also discussed how the Court should have joined additional parties in light of his failure to include the Fulton County Solicitor General's Office as a defendant.

Because we liberally construe Whitehead's *pro se* appellate brief, *Timson*, 518 F.3d at 874, we construe his arguments on appeal concerning the District Court's failure to discern his state law claims and its failure to join additional parties as challenges to the Court's order denying alteration to or reconsideration of its order of dismissal, which is the only order on appeal which discussed these contentions.

24-11724                Opinion of the Court                    9

grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Id.* (alteration in original) (internal quotation marks omitted). We also review the denial of a motion for reconsideration for abuse of discretion. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007) (citing *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004)). A motion for reconsideration is only to be filed when "absolutely necessary," N.D. Ga. Civ. R. 7.2(E), which requires "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact," *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003) (citations omitted).

We determine that the District Court did not abuse its discretion in concluding that its failure to discern state law claims in Whitehead's complaint did not merit reconsideration of or alteration to its order of dismissal. Whitehead's amended complaint, which "supersedes and replaces [his] original complaint," *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021) (citations omitted), makes no mention of state law grounds. Certainly, his complaint states in its introduction that it is brought, in part, under "the statutes and common law of the State of Georgia," but the complaint includes no "short and plain statement" of any state law claim "showing that the pleader is entitled to relief" under state law. *See* Fed. R. Civ. P. 8(a)(2). Indeed, Whitehead only alludes to a Georgia law twice, in Counts I and III. He ends Count I of his complaint—which he titles "Violation of Plaintiff's Fifth Amendment Right"—with a parenthetical containing the phrase "Article 1

Sec 1 Paragraph 16 Ga. State Constitution," a constitutional provision securing the right against compelled self-incrimination. *See* Ga. Const. art. I, § 1, para. 16. That provision does not provide a right of action. *See Lathrop v. Deal*, 801 S.E.2d 867, 880–81 (Ga. 2017) (rejecting the idea that provisions other than the Georgia Constitution's Takings Clause imply a right of action). And he similarly ends Count III with a string of oblique parentheticals—containing phrases such as "Due Process Clause" and "Deliberate Indifference"—one of which points to Ga. Code Ann. § 17-16-4, a statute governing discovery in criminal proceedings rather than providing a civil cause of action. Whitehead's parenthetical references and introductory language do not sufficiently state the grounds for any state law causes of action that he may have intended to invoke.[5]

Whitehead's clarification in responsive briefing before the District Court that he intended his claims to sound in state law does not vindicate his position. Whitehead could not amend his complaint to assert state law causes of action through arguments in a response or sur-reply. *Cf. Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) ("In this circuit, a plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment.").

---

[5] To any extent that Whitehead intended to challenge the District Court's order of dismissal on the ground that it misconstrued the state law nature of the claims in his complaint, this same rationale requires us to conclude that Whitehead failed to sufficiently state a claim.

Nor did the Court have "license to serve as *de facto* counsel" and "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (internal quotation marks omitted). The District Court did not abuse its discretion in determining that it committed no error of fact or law by failing to discern state law claims in Whitehead's complaint.[6]

Additionally, we do not find that the District Court abused its discretion in determining that its failure to *sua sponte* join additional parties to Whitehead's action did not merit alteration to or reconsideration of its order of dismissal. Federal Rule of Civil Procedure 19(a)(2) provides that, in the case of required parties who have not been joined to an action, "the court must order that the person be made a party." This language "reflect[s] a desire on the part of [Rule 19's] drafters that persons needed for a just adjudication of the action be joined whenever possible." 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1609 (3d ed. 2024). But Whitehead's argument fails because, as the District Court explained, the "required party" he points to—the Fulton County Solicitor General's Office—is not an entity capable of being sued under § 1983. *See Myers v. Clayton Cnty. Dist. Att'y's Off.*, 849 S.E.2d 252, 256–57 (Ga. Ct. App. 2020) (per curiam) (explaining

---

[6] Absent any error in discerning state law grounds for Whitehead's claims against the City of Atlanta, it follows that Whitehead's challenge to the Court's determination that he failed to sufficiently allege municipal liability, which he premises on Georgia law, must also fail.

that a Georgia county prosecutor's office is not an entity capable of being sued under § 1983). The District Court did not abuse its discretion in determining that it committed no error of fact or law by failing to *sua sponte* join as a defendant a party that could not be sued under § 1983.

## IV.

For these reasons, we affirm the judgment of the District Court.

**AFFIRMED.**